UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH FLANIGAN ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: |
| ) | 1:11-CV-0089 |
| ) | (LEK/RFT) |
| ) | |
| ) | **COMPLAINT** |
| RENSSELAER POLYTECHNIC INSTITUTE ) | |
| ) | |
| ) | |
| Defendant. ) | |

**JURY TRIAL DEMANDED**

Plaintiff, Joseph Flanigan ("Plaintiff"), in the above-captioned action, by and through his attorneys Anderson Byrne LLC, for his Complaint alleges as follows:

**PRELIMINARY STATEMENT**

1.  This case is brought pursuant to: (a) the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 *et seq*., as amended (hereinafter "ADEA") for Rensselaer Polytechnic Institute's (hereinafter "Defendant") discrimination against Plaintiff due to his age; (b) the New York State Human Rights Law, New York Executive Law § 90 *et seq*. (hereinafter "NYEL") for RPI's discrimination against Plaintiff because of his age and disability; (c) the Family and Medical Leave Act of 1993, 29 USC § 2612 *et seq*. (hereinafter "FMLA") for RPI's discrimination against Plaintiff because of his serious health condition; and (d) the Americans with Disabilities Act of 1990, 42 U.S.C.

§ 12111 *et seq.* (hereinafter "ADA") for discrimination and retaliation against Plaintiff because of his disability.

**JURISDICTION AND VENUE**

2. Jurisdiction is specifically conferred upon this United States District Court by 29 U.S.C. §§ 626 (C) (1) and 2617(2), and generally by 28 U.SC. §1331.

3. This Court also has supplemental jurisdiction over this case pursuant to 28 U.S.C. 1367(a), as Plaintiffs' NYEL claims form part of the same case and controversy.

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of New York.

5. RPI is located at 110 8th Street, in Troy, New York 12180, in the Northern District of New York.

6. Venue in the Northern District of New York is hereby the proper venue under 28 U.S.C. § 1391.

**PARTIES**

7. Plaintiff, is a New York resident of the City of Watervliet in Albany County, New York.

8. Plaintiff was employed continuously by RPI for a period of more than ten years and was in the position of Supervisor of Garage/Moving in the Environmental and Site Services Department when he was terminated on December 2, 2008 at the age of 57. His salary at the time of his termination was approximately $51,936.59, and he was scheduled for a raise of no less than 4% of his annual salary within two months of his termination date.

9. Defendant, Rensselaer Polytechnic Institute ("RPI") is a private research university located at 110 8th Street, in Troy, New York 12180, which offers undergraduate and graduate degrees in five separate schools. Each school is divided into various departments, and the highest ranking faculty member of each school is the Dean of the School.

## ADMINISTRATIVE PROCEEDINGS

10. Plaintiff had complied with 29 USC §626(d)(2) in that he has filed charges of age discrimination with the Equal Employment Opportunity Commission ("EEOC"), within 300 days of the unlawful incident occurring, and has complied with the applicable procedural requirements and time deadlines of the ADEA and the NYEL.

11. Plaintiff has complied with 42 USC §2000e-5 in that he has filed charges of discrimination based upon his disability with the Equal Employment Opportunity Commission ("EEOC"), within 300 days of the unlawful incident occurring, and has complied with the applicable procedural requirements and time deadlines of the ADA.

12. Plaintiff has complied with 29 USC § 626(d) and 42 USC §2000e-5 in that it has been at least 60 days since charges were filed with the EEOC.

13. Plaintiff has also timely filed this complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

## STATEMENT OF FACTS –DISCRIMINATION

14. Plaintiff was employed by Defendant for over ten years.

15. At all times relevant to this Complaint, Plaintiff was qualified for his job position and satisfactorily performed all duties of his job position.

16. Beginning in or about 2006, Plaintiff began to suffer from a heart condition, which affected his major life activities.

17. Plaintiff has been under the care of his physician since 2006 as a result of his heart condition.

18. Until Plaintiff's disabilities began in 2006, Plaintiff received successful evaluations with respect to his job performance.

19. In or about September, 2008, Plaintiff learned that he needed heart bypass surgery and that he would have to take a leave of absence from work to have and recover from the surgery.

20. When Plaintiff informed Defendant of the surgery and his need for a leave of absence, he was harassed by management about his health issue and his extended absence.

21. On or about, September 9, 2008, Plaintiff took a leave of absence from work pursuant to the Family Medical Leave Act.

22. While out on leave, Plaintiff was informed by several co-workers that Defendant was intending to terminate him upon his return as a result of his leave of absence, and because of his age and long tenure with Defendant.

23. On or about November, 25, 2008, Plaintiff was informed by Defendant that his position would not be held open if he did not return to work by December 3, 2008.

24. Plaintiff terminated his FMLA leave and returned to work on December 3, 2008, as requested by Defendant.

25. Within hours of Plaintiff's return to work, Defendant terminated Plaintiff's employment.

26. Plaintiff's termination was due to his absence from work, his disability and his age.

27. Less than two weeks after Plaintiff's termination, as part of an institute-wide Reduction in Force ("RIF"), on or about December 16, 2008, Defendant RPI terminated eighty employees from Defendant's employee population.

28. Defendant's decision-makers intentionally and disproportionately selected employees over the age of 40 for termination as part of a policy favoring younger employees.

29. High level management at RPI knew or should have known of the discriminatory nature of the termination decisions, but did nothing to rectify those decisions.

30. Upon information and belief, Plaintiff's termination was part of Defendant's overall policy to reduce its force and terminate older workers.

31. RPI's discriminatory and unlawful employment practices identified above were conducted in callous disregard of the rights of the Plaintiff and have adversely impacted RPI's older employees. The practices have been adopted, condoned, and approved by RPI's management.

32. RPI knew or should have known of the disparate impact of the decisions on employees over the age of 40.

33. A statistical analysis of the RPI employment data indicates there is less than a one and one thousandth chance that the proportion of those laid off in the RIF

differed by age group by mere chance alone and was not the result of intentional discrimination because of age.

34. As a result of Defendant's RIF, the termination of Plaintiff, and hiring decisions, Defendant has transformed its demographics, lowering the average age of its employees.

### AS AND FOR A FIRST CAUSE OF ACTION BASED UPON INTENTIONAL AGE DISCRIMINATION IN VIOLATION OF THE ADEA

35. Plaintiff restates and realleges paragraphs 1 through 34 as though set forth in full herein.

36. Plaintiff is an employee within the meaning of the ADEA.

37. Plaintiff is a member of a protected class in that he was over the age of 40 at the time of his termination.

38. Defendant is an employer covered by the ADEA.

39. Plaintiff performed his jobs satisfactorily while in the employ of Defendant.

40. Defendant intentionally terminated Plaintiff because of his age.

41. Defendant's discriminatory and unlawful employment practices identified above have been intentional deliberate, willful and conducted in callous disregard of the rights of Plaintiff and have adversely impacted Defendant's older employees.

42. By reason of Defendant's discriminatory employment practices, Plaintiff has suffered substantial injury and loss.

## AS AND FOR A SECOND CAUSE OF ACTION BASED UPON DISPARATE IMPACT AGE DISCRIMINATION IN VIOLATION OF THE ADEA

43. Plaintiff restates and realleges paragraphs 1 through 42 as though set forth in full herein.

44. Defendant's process in making termination decisions, even if neutral on its face, resulted in a disproportionately higher termination rate of employees over the age of 40 compared to the work force as a whole.

45. By reason of Defendant's discriminatory practices, Plaintiff has suffered substantial injury and loss.

## AS AND FOR A THIRD CAUSE OF ACTION BASED UPON AGE DISCRIMINATION IN VIOLATION OF NYEL

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is an employee within the meaning of NYEL.

48. Plaintiff is an individual entitled to protection from unlawful discriminatory practices pursuant to the NYEL.

49. Defendant is a covered employer pursuant to the NYEL.

50. Defendant unlawfully terminated Plaintiff's employment because of his age.

51. By reason of Defendant's discriminatory practices, Plaintiff has suffered substantial injury and loss.

7

## AS AND FOR A FOURTH CAUSE OF ACTION BASED UPON DISABILITY DISCRIMINATION IN VIOLATION OF NYEL

52. Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

53. Defendant is disabled within the meaning of NYEL.

54. Defendant unlawfully terminated Plaintiff's employment because of his disability.

55. By reason of Defendant's discriminatory practices, Plaintiff has suffered substantial injury and loss.

## AS AND FOR A FIFTH CAUSE OF ACTION BASED UPON DISCRIMINATION IN VIOLATION OF THE FMLA

56. Plaintiff restates and realleges paragraphs 1 through 55 as though fully set forth herein.

57. Plaintiff is an eligible employee pursuant to the FMLA, 29 USC § 2611 *et seq.* as he had been employed for more than 12 months, and had worked 1,250 hours for Defendant during the twelve months immediately prior to taking his leave of absence.

58. Defendant employed more than fifty employees and is a covered employer pursuant to the FMLA, 29 USC § 2611 *et seq.*

59. Plaintiff commenced FMLA leave on September 9, 2008 for a serious health condition.

60. Plaintiff's leave of absence constitutes protected leave under the FMLA, 29 USC § 2601 *et seq.*

61. Plaintiff was forced to terminate his FMLA leave and return to work when he was informed by Defendant on November 25, 2008, while still on FMLA leave, that his position would not be held open if he did not return to work by December 3, 2008.

62. Plaintiff terminated his FMLA leave and returned to work on December 3, 2008, as requested by RPI.

63. Immediately upon Plaintiff's return to work on December 3, 2008, he was terminated.

64. The FMLA requires an employer to restore an employee who takes FMLA leave to the position of employment held by the employee when the leave commenced; or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

65. Defendant has unlawfully interfered with Plaintiff's FMLA entitlements and has refused to return him to his position as provided under the FMLA, and has retaliated against him by terminating him because of his attempt to exercise FMLA.

66. Defendant's actions were willful.

67. The actions of Defendant has caused the Plaintiff to suffer substantial injury and loss.

### AS AND FOR A SIXTH CAUSE OF ACTION BASED UPON DISCRIMINATION DUE TO A DISABILITY IN VIOLATION OF THE ADA

68. Plaintiff restates and realleges paragraphs 1 through 67 as though fully set forth herein.

69. Plaintiff is a qualified individual with a disability pursuant to the ADA.

70. Defendant is a covered entity pursuant to the ADA.

71. Defendant perceived or regarded Plaintiff as having a disability.

72. Plaintiff has a record of a disability.

73. Despite Plaintiff's disability, he was able to perform the essential functions of his job.

74. Defendant, by its actions, has intentionally, maliciously, and with reckless indifference discriminated against Plaintiff and treated him differently than other employees because of his disability by terminating him and treating him adversely in other terms, conditions and privileges of employment.

75. The actions of Defendant has caused the Plaintiff to suffer substantial injury and loss.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

1. That the practices of RPI complained of herein be determined and adjudged to be in violation of the rights of Plaintiffs under the ADEA, the NYEL, FMLA and ADA.

2. That a permanent prohibitory injunction be issued prohibiting RPI, its officers, agents, employees and successors from engagement in the employment practices complained of herein.

3. That a permanent mandatory injunction be issued requiring that RPI adopt employment practices in accord with the requirements of federal and state employment discrimination law.

4. That judgment be entered in favor of Plaintiff and against RPI on the first cause of action for backpay (including pre-judgment interest), front pay and all other amounts owed to Plaintiff, including liquidated damages to the extent permitted by law, all in amounts to be determined at trial.

5. That judgment be entered in favor of Plaintiff and against RPI on the second cause of action for backpay (including pre-judgment interest), front pay and all other amounts owed to Plaintiffs, including liquidated damages to the extent permitted by law, all in amounts to be determined at trial.

6. That judgment be entered in favor of Plaintiff and against RPI on the third cause of action for backpay (including pre-judgment interest), front pay, compensatory damages (including but not limited to damages for past and future mental anguish, humiliation, pain and suffering), all in amounts to be determined at trial.

7. That judgment be entered in favor of Plaintiff and against RPI on the fourth cause of action for backpay (including pre-judgment interest), front pay, compensatory damages (including but not limited to damages for past and future mental anguish, humiliation, pain and suffering), all in amounts to be determined at trial.

8. That judgment be entered in favor of Plaintiff against RPI on the fifth cause of action for backpay (including pre-judgment interest), front pay, compensatory damages (including but not limited to damages for past and future mental anguish, humiliation, pain and suffering), and all other amounts due and owed to Plaintiffs, including liquidated and punitive

damages to the extent permitted by law, all in amounts to be determined at trial.

9. That judgment be entered in favor of Plaintiff against RPI on the sixth cause of action for backpay (including pre-judgment interest), front pay, compensatory damages (including but not limited to damages for past and future mental anguish, humiliation, pain and suffering), and all other amounts due and owed to Plaintiffs, including liquidated and punitive damages to the extent permitted by law, all in amounts to be determined at trial.

10. That RPI be required to reinstate Plaintiff with back pay and seniority credit, with front pay until such time as they are reinstated.

11. That Plaintiff be granted attorneys' fees, experts' fees, and the costs and expenses of this action.

12. That Plaintiff be awarded such other further legal and equitable relief as may be found appropriate and as the Court may deem just and proper.

13. That the Court retain jurisdiction until such time as it is satisfied that RPI has remedied the practices complained of and is determined to be in full compliance with the law.

Dated: January 25, 2011
      Saratoga Springs NY

ANDERSON BYRNE LLC

    /s/Michele L. Anderson
Michele L. Anderson (Bar No. 509662)
Attorneys for plaintiffs
48 Union Avenue
P.O. Box 3392
Saratoga Springs, NY  12866
(518) 587-4905